**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**SHREVEPORT DIVISION**

UNITED STATES OF AMERICA          CRIMINAL ACTION NO. 03-50029-01
                                                    CIVIL ACTION NO. 05-2000

VERSUS                                          JUDGE S. MAURICE HICKS, JR.

KEVIN M. FERGUSON                         MAGISTRATE JUDGE HORNSBY

**MEMORANDUM RULING**

Kevin Ferguson ("Defendant") was convicted after a jury trial and sentenced to 328 months as to each count of the indictment. See Record Documents 86 & 93. His sentence runs concurrently. See Record Document 93. Defendant's retained counsel,[1] Curtis Glover and David Pire, filed motions to withdraw on December 11, 2003, the date upon which Defendant was sentenced. See Record Document 91 & 95. The motions represented that Defendant had failed to meet his financial obligations and did not have sufficient means to keep retained counsel. See id. The motions further provided:

> In the event of an appeal, Counsel requests that a Public Defender be appointed.

Id. The proposed orders submitted by retained counsel did not contain a similar provision appointing the Public Defender in the event of an appeal. See id. The Court granted both motions, but did not refer the matter to the Office of the Federal Public Defender in the event of an appeal. See Record Documents 94 & 97. The orders advised that retained counsel were allowed to withdraw as counsel and were "relieved of any further duty, obligation or responsibility to the Defendant." See id. Yet, there is no indication in the motions or in the record that Defendant was advised by his retained counsel, before their

---

[1]Prior to obtaining retained counsel, the Officer of the Federal Public Defender was appointed to represent Defendant. See Record Document 3.

withdrawal, that he would not longer be represented by counsel, the time frame in which he could file a Notice of Appeal ("NOA"), or that he was entitled to file a *pro se* NOA. The transcript of the sentencing hearing indicates that the Court advised Defendant of his right to appeal, but did not specifically inform Defendant that a NOA had to be filed within ten days of the date of entry of the judgment. See Record Document 109 at 12.

On November 14, 2005, Defendant filed a *pro se* Section 2255 motion (Record Document 120) and attached an affidavit attesting "that, immediately after the Court announced the 328 month sentence, [he] told Mr. Glover to file an appeal." Record Document 120-5, ¶ 3. Defendant further stated that Mr. Glover informed him that an appeal would cost additional fees, but did not advise him that a NOA had to be filed within ten days. See id., ¶ 4. A NOA was never filed on behalf of Defendant.[2] Defendant's Section 2255 motion requested, based on the circumstances outlined above, that he have his direct appeal rights reinstated, with counsel appointed to perfect a direct appeal.

**I.      Filing of Notice of Appeal.**

Every convicted person has an absolute right to an appeal. See Atilus v. U.S., 406 F.2d 694 (5th Cir. 1969). Yet, counsel for a criminal defendant "is not burdened by any general duty to perfect an appeal of every criminal conviction." White v. Johnson, 180 F.3d 648, 652 (5th Cir. 1999) (citation omitted). Instead, the defendant decides whether to appeal and "counsel is constitutionally required to fully inform the defendant as to his

---

[2]Defendant also that in February 2004, he hired Joseph Wm. Bailey ("Bailey") to file an appeal from his conviction and sentence. See Record Document 120-1 at 5. Defendant argues that Bailey was ineffective for failing to file a NOA and/or an out of time appeal. The Court will not analyze Defendant's arguments relating to Bailey's actions or inactions, as the instant Section 2255 motion will be resolved by an examination of the events that occurred in December 2003.

appellate rights." Id. (citations omitted).  This duty encompasses more than mere notice that an appeal is available or advice that an appeal may be futile.  See id. (citations omitted).  The United States Constitution demands "that the client be advised not only of his right to appeal, but also of the procedure and time limits involved and of his right to appointed counsel on appeal."  Id. (citation omitted).  Failure by defense counsel to make such an advisement "falls below prevailing professional standards and is constitutionally deficient performance."  Id. (citations omitted).

The Fifth Circuit has further reasoned that time limitations can be a crucial element in a defendant's right of appeal.  See U.S. v. Gibson, 985 F.2d 212, 215 (5th Cir. 1993).  In Gibson, the court noted:

> Notifying a defendant of the time limit for filing an appeal becomes especially significant where . . . counsel indicates his interest in representing a defendant on appeal, on the condition that defendant raise the required fee at some unspecified time in the future.  Such a defendant may be misled into believing that his attorney will be able to file an appeal for an indefinite period of time.  Under such circumstances, an attorney who does not inform a defendant of the applicable time limitations fails to take those "steps . . . necessary to protect the defendant's right of appeal."

Id. at 215-216.

## II.     Resolution of Section 2255 Motion.

The record indicates that Defendant notified retained counsel of his desire to appeal.  Yet, no NOA was filed prior to their withdrawal.  The record appears to indicate that retained counsel were permitted to withdraw without certifying in their motions that Defendant was advised that he would not longer be represented by counsel; the time frame in which he could file a NOA; or that he was entitled to file a *pro se* NOA.  Additionally, the Court did not refer the matter to the Office of the Federal Public Defender

when it granted the motions to withdraw and did specifically inform Defendant that a NOA had to be filed within ten days of the date of entry of the judgment. This case also appears to mirror <u>Gibson</u>, wherein retained counsel indicated a possible interest in representing Defendant on appeal, on the condition that he raise the required fee at some unspecified time in the future. <u>See</u> <u>Gibson</u>, 985 F.2d at 215-216. Again, in this situation, the Fifth Circuit requires the attorney to inform Defendant of the applicable time limitations in order to protect his right of appeal. <u>See id.</u> at 216. Considering these circumstances, the appropriate resolution of the instant Section 2255 motion is to grant Defendant an out of time appeal, as he was essentially left unrepresented at a vital stage of the proceedings.

In <u>U. S. v. West</u>, 240 F.3d 456 (5th Cir. 2001), the Fifth Circuit described the remedy of permitting an out-of-time appeal and the procedural steps that must be taken to permit appellate jurisdiction over the appeal. The Court instructed the district judge to dismiss the Section 2255 motion without prejudice and reinstate the underlying criminal judgment on the criminal docket. Thereafter, the time for appeal is the ten days permitted by F.R.A.P. 4(b)(1)(A).[3]

## III. Conclusion.

Defendant's Section 2255 Motion is resolved by dismissing the motion without prejudice and permitting him to file an out-of-time direct appeal. To effectuate the appeal,

---

[3] In the order issuing with the instant Memorandum Ruling, the Office of the Federal Public Defender will be appointed to represent Defendant on appeal. If Defendant should retain counsel, retained counsel may file a motion to substitute as counsel.

the Judgment in the Criminal Case is reinstated on the criminal docket.

**THUS DONE AND SIGNED** in Shreveport, Louisiana, this 10th day of July, 2008.

_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE